IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL TAYLOR, | : | |
| Petitioner, | : | 1:17-cv-0899 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPERINTENDENT MICHAEL | : | |
| CLARK, PA STATE ATTORNEY | : | |
| GENERAL, | : | |
| Respondents. | : | |

# **MEMORANDUM**

**November 27, 2017**

Darrell Taylor ("Taylor" or "Petitioner") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 22, 2017. (Doc. 1). The Court conducted initial review and ordered Respondents to address the issue of the timeliness of the petition and "specifically address whether Petitioner's second PCRA petition seeking relief pursuant to *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013) is properly filed pursuant to Section 2244(d)(2). *Miller v. Dist. Attorney of the Cty. of Delaware*, No. CV 15-153, 2015 WL 4931520 (E.D. Pa. Aug. 18, 2015)." Respondents filed a "Partial Answer" (Doc. 6) on June 20, 2017, and Taylor filed a Traverse (Doc. 8) on July 14, 2017. Because the partial answer failed to address the *Alleyne* argument, the Court directed Respondents to supplement their response. (Doc. 9). Respondents filed a supplement on November 15, 2017. (Doc. 10).

The issue of the timeliness of the petition is ripe for disposition. For the reasons that follow, the petition will be dismissed as untimely.

## I. BACKGROUND

The following background is extracted from a June 24, 2016, Superior Court of Pennsylvania decision addressing Taylor's second Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546:

> Appellant, Darrell Edward Taylor, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On January 15, 2009, a jury convicted Appellant of robbery. On February 27, 2009, the court sentenced Appellant to a term of 25-50 years' imprisonment. Appellant's sentence included a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714(a)(2) (providing for mandatory minimum 25-year sentence for defendant convicted of violent crime, if at time of commission of current offense, defendant had two prior violent crime convictions.) This Court affirmed on March 30, 2010, and Appellant did not seek further review with our Supreme Court. *See Commonwealth v. Taylor*, 996 A.2d 558 (Pa. Super. 2010).
>
> Appellant timely filed his first PCRA petition *pro se* on March 10, 2011. The court appointed counsel, who filed a petition to withdraw and a *Turner/Finley* "no merit" letter on May 11, 2011. The court granted counsel's petition to withdraw and issued Rule 907 notice [on] June 13, 2011. On July 7, 2011, the PCRA court dismissed Appellant's petition. This Court affirmed on March 22, 2012, and Appellant did not seek further review with our Supreme Court. *See Commonwealth v. Taylor*, 47 A.2d 1253 (Pa. Super. 2012). On April 6, 2015, Appellant filed the current *pro se* PCRA petition, which Appellant amended on June 26, 2015. On July 14, 2015, the PCRA court issued 907 notice. Appellant filed a response; however, the court dismissed Appellant's petition as untimely on August 17, 2015.

> On September 10, 2015, Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

(Doc. 6, pp. 10, 11). In affirming the PCRA court's dismissal of the petition as untimely, the Superior Court opined as follows:

> The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provision in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), appeal denied, 616 Pa. 625, 46 A.3d 715 (2012). Instantly, Appellant's judgment of sentence became final on April 29, 2010. Appellant filed his current petition on April 6, 2015, almost five years later; thus the petition is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 186 L.Ed. 314 (2013) (decided 6/17/13) (holding any fact increasing mandatory minimum for crime is considered element of crime to be submitted to factfinder and found beyond reasonable doubt). Importantly, *Alleyne* does not qualify as a timeliness exception under Section 9545(b)(1)(iii). *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super 2014). Additionally, even if *Alleyne* applied retroactively, and appellant had complied with the 60-day rule, Alleyne does not affect

3

> mandatory minimum sentences based on a prior conviction. *See id.* (stating *Alleyne* provides no relief where increase in minimum sentence is based on prior conviction). Accordingly, the PCRA court properly denied Appellant's petition.

(Doc. 6, pp. 11-13).

Taylor filed a petition for allowance of appeal which, according to the electronic docket sheet found at https://ujsportal.pacourts.us, the Supreme Court denied on or about April 15, 2017.

Taylor filed the instant petition on May 22, 2017.

## II. **DISCUSSION**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Taylor's solely seeks relief on the ground that his sentence is illegal under *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 186 L.Ed. 314 (2013). (Doc. 1, pp. 3, 5). In *Alleyne*, the United States Supreme Court extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holding that any fact that increases a defendant's minimum sentence is a sentencing element that must be submitted to a jury. 131 S. Ct. at 2163. He asserts that "his sentence is unconstitutional and as such cannot be

waived. The Petitioner raised this issue at the earliest point that it became known to him that he was sentenced illegally." (Doc. 1, p. 12).

### A. Timeliness of Petition

A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Taylor's judgment of sentence became final on April 29, 2010.[1] The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition, filed on May 22, 2017, is patently untimely, unless statutorily or equitably tolled.

1. <u>Statutory Tolling</u>

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Taylor successfully tolled the statute of limitations on March 10, 2011, with the filing of his first PCRA petition. At that point, approximately 315 days of the one year limitations period had elapsed. The statute remained tolled until the conclusion of his PCRA proceedings on March 22, 2012. The statute commenced

---

[1] Significantly, the *Alleyne* decision does not provide an alternative statute of limitations start date. When the Supreme Court announces a new rule of law, it generally applies retroactively only to cases on direct appeal, and applies to finalized convictions only "in limited circumstances." *United States v. Reyes*, 755 F.3d at 212-13 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004)). In *Reyes*, the Third Circuit found that although *Alleyne* set out a new rule of law, it is not retroactively applicable to cases in which the conviction is already final. *Reyes*, 755 F.3d at 212-13. Accordingly, the applicable starting date for the AEDPA statute of limitations is the date on which Petitioner's judgment became final.

running on that date; Taylor was required to file his petition in federal court within fifty days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his federal petition until May 22, 2017, approximately 1839 days after his PCRA proceedings concluded.

Although Taylor filed a second PCRA, it did not operate to toll the statute. The state courts found his second PCRA to be untimely under the state statute of limitations and concluded that he had not established an exception to the timeliness requirements based on *Alleyne.* (Doc. 6, pp. 11-13). An untimely PCRA petition is not considered "properly filed" under section 2244(d)(2), and therefore does not statutorily toll the limitations period. *Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Additionally, a PCRA petition cannot toll the statute of limitations where, as here, it is filed after the expiration of the federal habeas limitations period. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the limitations period because the federal habeas time limitations expired prior to the filing of the petition). Consequently, Taylor is not entitled to statutory tolling.

## 2. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *Holland v. Florida*, 560 U.S. 631, 653 (2010); *see also Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Importantly, the diligence requirement "does not pertain solely the filing of the federal habeas petition, rather it is an obligation that exists during the

period [petitioner] is exhausting state court remedies as well." *LaCava*, 398 F.3d at 277) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Almost two years elapsed between the date of the *Alleyne* decision and the filing of Taylor's second PCRA. In an effort to explain the passage of time, Taylor first shifts the blame, asserting that PCRA counsel "invalidly abandoned" him on May 11, 2011. (Doc. 8, p. 10). The PCRA counsel to whom Taylor refers was appointed to represent him on his first timely PCRA, not the second PCRA that

9

was deemed untimely. Further, contrary to Taylor's contention, court appointed counsel did not abandon him. Rather, court appointed counsel filed a petition to withdraw and a Turner/Finley "no merit" letter on May 11, 2011, which the court granted on June 13, 2011. (Doc. 6, p. 11).

Taylor next contends that he "was without the legal knowledge and resources to file the PCRA petition at issue any sooner than it was done." (Doc. 8, p. 10). The Third Circuit and district courts within this circuit have found this argument to be wholly without merit in the context of equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (finding that a prisoner proceeding *pro se* is not insulated from "reasonable diligence" inquiry and lack of legal knowledge or training does not alone justify equitable tolling); *Carter v. Pierce*, 196 F. Supp.3d 447, 455 (D. Del. 2016); *Patrick v. Phelps*, 764 F. Supp. 2d 669, 673 (D. Del. 2011) (stating "[L]imited access to the [prison's] law library and legal materials is a routine aspect of prison life [that does not warrant equitable tolling]"); *Otero v. Warden, SCI Dallas*, No. 16-4643, 2017 WL 2470639, at *4 (E.D. Pa. Jan. 31, 2017).

Taylor failed to diligently pursue his rights and has failed to demonstrate the presence of circumstances beyond his control that prevented him from complying with the federal habeas statute. There is no indication that he was actively misled,

that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum or that he was misled by the state court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

Significantly, as noted in footnote 1, *supra*, even if Taylor demonstrated entitlement to equitable tolling, he would not be entitled to relief, because the Third Circuit has held *Alleyne* does not apply retroactively to cases in which the judgment of sentence was final at the time of the decision. *See United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) ("[W]e reiterate here that the rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively to cases on collateral appeal"); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). Petitioner's judgment of sentence became final on April 29, 2010, more than three years before *Alleyne* was decided on June 17, 2013.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate Order will enter.